**Mary T. VANN, Plaintiff,**

v.

**LONE STAR STEAKHOUSE & SALOON OF SPRINGFIELD, INC., Lone Star Steakhouse & Saloon, Inc., and Kirk A. Tregoning, General Manager, Defendants.**

**No. 95–3253.**

United States District Court, C.D. Illinois, Springfield Division.

June 25, 1997.

Mary Lee Leahy, Ellen Schanzle–Haskins, Springfield, IL, for Plaintiff.

Hinshaw & Culbertson, James M. Drake, Springfield, IL, for Defendants.

## OPINION

RICHARD MILLS, District Judge.

Disclosed expert witness for plaintiff refuses to produce plaintiff's records on the basis of psychotherapist-patient privilege.

But plaintiff has waived that privilege.

The subpoena must be enforced.

## I. ALLEGED FACTS

Mary Vann, a former server at the Lone Star Steakhouse & Saloon in Springfield, filed a two-count First Amended Complaint.

Count I, a Title VII claim against Lone Star Steakhouse & Saloon of Springfield, Inc. and Lone Star Steakhouse & Saloon, Inc. (referred to collectively as "the Lone Star Defendants"), alleges that Kirk Tregoning, the general manager at Lone Star, engaged in offensive and unwelcome touching and made sexually suggestive comments to Vann and other female employees. Vann claims that she was unable to work due to the physical and emotional injury caused by Tregoning's conduct, which resulted in her being constructively discharged from her position. She alleges that the Lone Star Defendants discriminated against her because of her sex by constructively discharging her, by tolerating and failing to prevent the sexual harassment, and by failing to take affirmative action to correct the unlawful employment practices.

Count II, a battery claim against Tregoning, alleges that on February 2, 1994, as Vann entered the kitchen at Lone Star, Tregoning grabbed her in a sexual fashion and when she resisted, knocked her to the floor, causing her injury. Vann also alleges that

on other occasions, Tregoning intentionally, maliciously, repeatedly and offensively had physical contact with her. Vann further claims that as a direct result of Tregoning's conduct, she lost her job and suffered personal and emotional injury.

## II. PROCEDURAL ISSUE

Dr. Deborah Townsend, the psychotherapist who treated Plaintiff after the incidents in question, was disclosed by Plaintiff as an expert. Plaintiff stated in her Rule 26 Disclosure that Dr. Townsend would testify and make "assessment of Plaintiff's psychological response to the events surrounding this cause of action."

The Lone Star Defendants requested Plaintiff sign a Release authorizing Dr. Townsend to release to Defendants any and all psychiatric, psychological, and medical records relating to Plaintiff. Plaintiff did so. The Release had a paragraph that stated:

Under the provisions of the Mental Health and Developmental Confidentiality Act, you may not redisclose any of this information unless the person who consented to this disclosure specifically consents to such redisclosure.

Plaintiff claims this demonstrates that the Release was drafted in conformity with the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 et seq., which also provides that the:

... personal notes of a therapist are the work product and the personal property of the therapist and shall not be subject to discovery in any judicial, administrative, or legislative proceeding or any proceeding preliminary thereto.

740 ILCS 110/3(b).

The Lone Star Defendants scheduled the deposition of Dr. Townsend for April 1, 1997. At the deposition, Dr. Townsend declined to produce any of her records but instead produced a one page "summary" of her records, which she had prepared the day prior to the deposition. Plaintiff argues that all of Dr. Townsend's records are "personal notes" within the meaning of the Illinois Mental Health and Developmental Disabilities Confi-

dentiality Act and therefore need not be produced.

On April 30, 1997, the Lone Star Defendants filed a Motion to Compel Disclosure of Records. On May 23, 1997, Magistrate Judge Charles H. Evans entered an Order allowing Defendants' motion. Magistrate Judge Evans concluded that the Illinois Mental Health and Developmental Disabilities Confidentiality Act did not apply to this non-diversity case and that the privilege issue presented was governed by Federal law. The federal psychotherapist privilege, as recognized in *Jaffee v. Redmond*, — U.S. —, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), had been waived by virtue of Plaintiff placing her mental condition in issue and disclosing Dr. Townsend as an expert witness who would give opinion testimony at trial. The Order authorized the Lone Star Defendants to serve a subpoena on Dr. Townsend requiring her to produce any and all records, correspondence, notes, test data, and any and all other documents relating to the treatment and/or counseling of Plaintiff. The Order also stated that Dr. Townsend, not being a party to the proceedings, was not bound by the ruling and order. On May 29, 1997, the Lone Star Defendants directed a letter and subpoena to Dr. Townsend requiring her to produce, by June 9, her records and other documents relating to the treatment and/or counseling of Plaintiff. To date, Dr. Townsend has not responded to the subpoena.

On June 10, 1997, Plaintiff filed her objections to Magistrate Judge Evans' Order. On June 13, 1997, the Lone Star Defendants filed their motion to enforce the subpoena issued to Dr. Townsend.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that "[a] magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written Order setting forth the disposition of the matter." Defendants' motion to compel disclosure of records was a non-dispositive motion. Accordingly, it was within Magistrate Judge

Evans' judicial province to rule upon said motion.

█ Rule 72(a) goes on to say that "a party may serve and file objections to the [magistrate judge's] order.... The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Accordingly, Magistrate Judge Evans' ruling on this non-dispositive motion is subject to review by the Court under a clearly erroneous or contrary to law standard. Fed. R. Civ. Pro. 72(a); 28 U.S.C. § 636(b)(1)(A); *see Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 869 (7th Cir.1996).

## IV. ANALYSIS

Under Federal Rule of Evidence 501, the federal common law of privileges applies to federal question cases such as this one. *Jaffee v. Redmond*, 51 F.3d 1346, 1354 (7th Cir.1995), *aff'd* — U.S. —, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). The United States Supreme Court recently recognized a psychotherapist-patient privilege in *Jaffee v. Redmond*, — U.S. —, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). The Court held "that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Id.* at —, 116 S.Ct. at 1931 (footnote omitted).

Plaintiff argues, relying on the *Jaffee* decision, that Magistrate Judge Evans' Order was incorrect. Plaintiff argues that the Seventh Circuit, in its *Jaffee* decision, recognized the psychotherapist privilege and "adopted the Illinois Mental Health Confidentiality Act ... which specifically precludes from disclosure the personal notes taken by the psychotherapist." This, "coupled with Defendant's representation that the waiver tended to and signed by the Plaintiff complied with the Illinois Confidentiality in Mental Health Act (i.e. waivers did not cover personal notes of therapist) preclude Defendant from compelling disclosure of the notes."

█ The Lone Star Defendants argue that federal common law, not the Illinois statute, applies, that Plaintiff has waived the privilege by placing her mental condition into issue, and that this waiver occurred by operation of law, thereby making the scope of the signed release irrelevant.

█ The Court agrees with the Defendants. Because the instant case is a federal question case, and not one of diversity, the federal common law of privileges applies. Fed.R.Evid. 501. A psychotherapist-patient privilege exists under the federal common law. *Jaffee*, — U.S. —, 116 S.Ct. 1923. Consequently, Plaintiff's reliance on the Illinois Mental Health and Developmental Disabilities Confidentiality Act is to no avail. While the Court may look to the state law for guidance, the ultimate scope of the privilege is governed by federal law.

█ The question in this case boils down to whether Plaintiff has waived the privilege. The most analogous Seventh Circuit case is *In re Pebsworth*, 705 F.2d 261 (7th Cir.1983). In that case, the court held that "any arguable psychotherapist-patient privilege as to these specific kinds of billing and administrative records was intentionally and knowingly relinquished through the patient's assent to the publicizing aspect of the reimbursement and claims procedure." *Id.* at 262. In light of that case, this Court concludes that the Seventh Circuit would recognize waiver of the psychotherapist-patient privilege when the patient-litigant puts her mental condition into issue.

Furthermore, the Court finds decisions in other courts to be extremely persuasive. In *Sarko v. Penn–Del Directory Co.*, 170 F.R.D. 127, 130 (E.D.Pa.1997), the court set forth its rationale for finding that a party waives the privilege by placing her mental condition at issue. First, the court had previously held that a litigant may waive the privilege by placing her mental condition at issue. *Id.* Second, the Supreme Court, in *Jaffee*, analogized the policy considerations supporting recognition of a psychotherapist-patient privilege to those underlying the attorney-client privilege. The attorney-client privilege is waived when the advice of counsel is placed at issue in the litigation. *Id.* Third, the court

held that "allowing a plaintiff 'to hide … behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice.'" *Id.,* citing *Premack v. J.C.J. Ogar, Inc.,* 148 F.R.D. 140, 145 (E.D.Pa.1993). *See also Topol v. Trustees of University of Pennsylvania,* 160 F.R.D. 476, 477 (E.D.Pa.1995) ("Having placed her mental state in issue, plaintiff waived any applicable psychotherapist-patient privilege."); *Price v. County of San Diego,* 165 F.R.D. 614, 622 (S.D.Cal.1996) ("Where patient-litigant has raised an issue as to his or her psychological state, the privilege will be waived.")

### V.  CONCLUSION

The Court finds that Plaintiff has waived the psychotherapist-patient privilege by placing her mental condition in issue and by disclosing Dr. Townsend as an expert witness who will give opinion testimony at trial.  All documents relating to the treatment of Plaintiff, including the "personal notes," must be disclosed, as no "personal notes" exception exists under federal common law.

That brings the Court to the next issue: Defendants' Motion to Enforce Subpoena. On May 29, 1997, the Lone Star Defendants directed a letter and subpoena to Dr. Townsend requiring her to produce her records no later than June 9, 1997.  Dr. Townsend has not responded nor has she filed an objection with the Court as required by Federal Rule of Civil Procedure 45.  Because the Court finds that the psychotherapist-patient privilege has been waived by Plaintiff, the motion is allowed.  Dr. Townsend is directed to comply with the outstanding subpoena and produce the requested records as required by the subpoena by July 3, 1997.