990 F.Supp. 1138 (1997)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et. al., Plaintiffs,
v.
DANKA INDUSTRIES, INC., Defendant.
No. 4:96-CV-323 (CEJ).
United States District Court, E.D. Missouri, Eastern Division.
October 23, 1997.
*1139 *1140 Robert Johnson and Donna Harper, EEOC, St. Louis, MO, for Plaintiffs.
Barbara Seely, St. Louis, MO, for Plaintiff E.E.O.C.
Mary Anne Sedey, Wm. Moench, Sedey, Moench & Associates, Clifford B. Faddis, Jr., Fischer and Faddis, St. Louis, MO, for Intervenor Plaintiffs.
Allen D. Allred, Thompson and Coburn, St. Louis, MO, Donald B. Harden, Mairen C. Kelly, Kenneth J. Barr and Maureen J. Hernandez, Fisher and Phillips, Atlanta, GA, for Defendants.

MEMORANDUM AND ORDER
JACKSON, District Judge.
This matter is before the Court on the discovery motions filed by the parties. Plaintiffs bring this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.2000e et seq. They claim that Robert Lees, Sr., a supervisor of defendant Danka Industries, Inc., committed verbal and physical acts of sexual harassment against the plaintiff-intervenors.

1. Motion for Protective Order re: Pamela Meyer
Plaintiffs request a protective order limiting questions that defendant may ask during the deposition of Pamela Meyer one of the individuals on whose behalf the Equal Employment Opportunity Commission ("EEOC") brings this action. There is no dispute that defendant may inquire into Meyer's romantic or sexual relationships with co-workers or managers which took place outside the workplace. Also, the parties agree that defendant may inquire whether Meyer ever discussed her private sexual activities at work. However, plaintiffs object to an inquiry of Meyer's past sexual history with persons not employed by the defendant. The Court agrees with the plaintiffs and finds that such information is not discoverable on the issue of sexual harassment. Events in a plaintiff's private life do not result in "acquiescence to unwanted sexual advances at her work place." Burns v. McGregor Electronic Industries, Inc., 989 F.2d 959, 963 (8th Cir. 1993). The Court recognizes that Fed. R.Civ.P. 26(b) allows discovery of information "reasonably calculated to lead to the discovery of admissible evidence." Nevertheless, discovery of Meyer's past sexual history with persons not employed by the defendant exceeds the boundaries of Fed.R.Civ.P. 26(b).
Similarly, the Court will not permit inquiry into Meyer's medical history. No damages for emotional distress are being sought on Meyer's behalf. Accordingly, plaintiffs' motion for protective order regarding Pamela Meyer will be granted.

2. Motion for Protective Order re: Robert Lees, Sr.
Plaintiffs deposed Robert Lees, Sr. over a two-day period and sought to "continue" the deposition. Defendant asserts that further deposition of Lees would constitute a second deposition requiring leave of court. See Fed.R.Civ.P. 30(a)(2)(B). Also, defendant claims that plaintiffs have already had ample opportunity to question Lees. Therefore, under defendant's view, further deposition of Lees would be abusive, especially in light of the fact that he is a non-party witness. Although Lees is not a party, his *1141 alleged conduct (i.e., sexual harassment of the plaintiff-intervenors) forms the basis for this action. Due to Lees' central role and the number of parties involved in this action, the Court finds that plaintiffs are entitled to conduct further deposition of Lees. Thus, the Court will grant leave for an additional deposition of Lees and will deny defendant's motion for a protective order.

3. Motion for Protective Order and to Quash Subpoenas, filed on August 7, 1997

a) Depositions of Kim Ratteree, Jeff Tegeler and Cheryl Haile
The plaintiffs move to quash the subpoenas served by the defendant on Kim Ratteree, a personal friend of plaintiff-intervenor Robyn Tegeler, Jeff Tegeler, who is Robyn Tegeler's exhusband, and Cheryl Haile, a former employee of defendant who is related by marriage to an individual no longer a party to this action. The plaintiffs anticipate that the questions to be asked of these witnesses may be improper or irrelevant. However, the plaintiffs have identified these witnesses as individuals having discoverable information. Given these circumstances, it is appropriate that their depositions be taken.

b) Depositions of Dennis Dolan and George Howe
Plaintiffs do not object to the testimony of Dolan and Howe but only object to the scheduling of their depositions when plaintiffs' counsel are unavailable. Plaintiffs' counsel are entitled to be present at any deposition taken by defendants, including that of Dolan and Howe. The attorneys in this case are expected to cooperate with each other in scheduling depositions so that it will be unnecessary for any party to present such a dispute for resolution by the Court.

c) Production of Plaintiffs' Education and Employment Records and Documents from the St. Louis Medical Examiner.
The plaintiffs seek a protective order and move to quash subpoenas issued by the defendant to various non-party entities. The subpoenas seek the employment records of plaintiff-intervenor Judy Chapman's former employer, the high school and college records of Pamela Meyer and plaintiff-intervenors Robyn Tegeler and Janet Truelove, and records of the St. Louis Medical Examiner relating to the death of Truelove's former boyfriend. The plaintiffs do not assert any claim of privilege with respect to the subpoenaed documents and, as such, they have no standing to request that the subpoenas be quashed. See Brown v. Braddick, 595 F.2d 961, 967 (5th Cir.1979); Shepherd v. Castle, 20 F.R.D. 184, 188 (W.D.Mo.1957); 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 2459, p. 41 (1994). Whether any of this information will be admissible at trial remains to be seen. However, absent a claim of privilege by the movants or objection by the entities to whom the subpoenas are directed, the Court will not foreclose the defendant's acquisition of the documents. The plaintiffs' motion will therefore be denied.

d) Heidi Vogt's Educational Records
Defendant states that it has withdrawn the subpoena for Vogt's educational records, and plaintiff does not dispute this. Therefore, the issue is now moot.

4. Motion to Compel Release of Medical and Educational Records
Defendant seeks records of former health care providers of plaintiff-intervenors Robyn Tegeler and Janet Truelove. Plaintiffs argue that the records are not discoverable. Even if the records are discoverable, plaintiffs invoke the protection of the psychotherapist-patient privilege. Because Tegeler and Truelove are seeking damages for emotional distress, the Court finds that the medical records are discoverable to determine whether the plaintiff-intervenors' past medical history contributed to their claimed emotional distress.
Recently, the United States Supreme Court recognized the psychotherapist-patient privilege under federal common law. Jaffee v. Redmond, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). The Supreme Court held that the privilege covers confidential communications made to licensed psychiatrists, psychologists, and social workers "in the course of psychotherapy." Id. at 1931. *1142 This privilege, however, is not absolute and may be waived by the patient in certain circumstances.
For example, courts have recognized that the privilege is waived impliedly when the patient-plaintiff's mental condition is made an issue in the litigation. Vann v. Lone Star Steakhouse & Saloon of Springfield, Inc., 967 F.Supp. 346, 349-50 (C.D.Ill.1997) (citing Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 130 (E.D.Pa.1997)). In Vann, the plaintiff's claims included sexual harassment and damages for emotional injury. Id. at 347-48. The court concluded that the plaintiff waived the psychotherapist-patient privilege by "placing her mental condition at issue." Id. at 349 (citing Sarko, 170 F.R.D. at 130). Further, the court analogized that a waiver of the psychotherapist-patient privilege is similar to a waiver of the attorney-client privilege. Id. (citing Sarko, 170 F.R.D. at 130). "The attorney-client privilege is waived when the advice of counsel is placed at issue in the litigation." Id. (citing Sarko, 170 F.R.D. at 130). Also, considerations of fairness should not allow protection when the privilege is "directly at issue." Id. at 350 (quoting Sarko, 170 F.R.D. at 130). Finally, plaintiff disclosed her psychotherapist as an expert witness who would give opinion testimony at trial. Id. Therefore, the court concluded that records of the psychotherapist were subject to discovery and were not protected by privilege. Id.
In contrast, the United States District Court for the District of Massachusetts has taken a more narrow view of when the privilege is waived. Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 1997 WL 440732 (D.Mass.1997). In Vanderbilt, the court rejected the generally-held theory that a waiver occurs when the plaintiff's mental condition is made an issue. See id. at 228. Instead, the court ruled that an implied waiver occurs when the privileged communication itself is made an issue, that is, when it is actually used as evidence by the patient-plaintiff. Id. at 228. Three main reasons were given for this ruling. Id. at 228-29. First, patients need to know with certainty at the time of the communication whether the confidentiality will be protected at a later date. Id. at 229. Otherwise, the privilege would offer little protection. See id. Second, the court did not find the waiver of the attorney-client privilege that occurs in an attorney malpractice case to be analogous. Id. at 229. In the malpractice case, the plaintiff relies on the "substance of the attorney-client relationship" to further the claim. Id. However, in a claim for emotional distress damages, a patient-plaintiff does not necessarily rely on the advice of her doctor/therapist. Id. The court found that a plaintiff's claim for damages for emotional distress is more analogous to a claim for attorney's fees. Id. "The fact that a privileged communication has taken place may be relevant. But, the fact that a communication has taken place does not necessarily put its content at issue." Id. Third, on the issue of fairness, the court reasoned that the privilege should be deemed waived only when the plaintiff tries to use the communication as a "sword" by using it as evidence. Id.
This Court agrees with the broader interpretation of waiver in the Vann decision and not the more narrow view in the Vanderbilt decision. Plaintiffs in this action are seeking damages for emotional distress resulting from sexual harassment. Therefore, the mental condition of the plaintiffs is directly related to the issue of damages. Defendant is entitled to discover to what extent the plaintiffs' mental condition, prior to the alleged harassment, may have contributed to any emotional distress for which they now seek. Accordingly, the existence and content of prior psychotherapist-patient discussions directly relate to whether the plaintiffs' prior mental condition was a contributing factor. An analogy to a waiver of attorney-client privilege in an attorney malpractice case is appropriate. The advice given by a psychotherapist is directly made an issue in an emotional damages claim just as the advice given by an attorney is directly made an issue in an attorney malpractice claim. Finally, fairness requires a waiver of privilege. Plaintiffs cannot rely on advice given by certain psychotherapists to support their claims while at the same time expect to keep confidential advice given by other psychotherapists that may weaken their claims.
Because the records of their former health care providers are subject to discovery, Tegeler *1143 and Truelove will be ordered to execute authorizations for the release of these documents. However, the Court will deny defendant's request to compel the plaintiff-intervenors to execute authorizations for the release of their academic records as it appears that the defendant has obtained these documents by way of subpoena.

5. Motion for Protective Order re: Medical Records of Truelove, Tegeler, Chapman and to Quash Subpoenas
This motion pertains to the production of the plaintiff-intervenors' medical records in response to subpoenas issued by the defendant. As discussed above, the plaintiff-intervenors, by claiming emotional distress have impliedly waived the psychotherapist-patient privilege. Accordingly, the motion will be denied.

6. Motion to Compel Mental Examinations of Chapman, Tegeler, and Truelove
Because plaintiff-intervenors Chapman, Tegeler, and Truelove claim that they have suffered emotional distress as a result of the defendant's actions, the defendant is entitled to conduct mental examinations. Plaintiffs assert that defendant did not file a timely motion for mental examinations, did not provide timely notification of the proposed examiners' credentials, and did not set forth the scope of the examinations. The Court will grant defendant's motion to compel, but will require defendant to provide "notice to the person to be examined and to all parties ... specify[ing] the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fed.R.Civ.P. 35. The notification shall also include the credentials of the examiner.

7. Motion to Compel Production of Records and to Schedule Deposition of Sharon Lightfoot
Plaintiffs state that they have complied with defendant's request for Sharon Lightfoot's records and to schedule her deposition. Defendant does not dispute this. Therefore, the motion to compel will be denied as moot.

8. Motion for Protective Order Prohibiting Deposition of Heidi Vogt and to Quash Subpoena
Plaintiffs argue that defendants should be prevented from taking Heidi Vogt's deposition due to defendant's misconduct in issuing the subpoena. According to plaintiffs, defendant scheduled the deposition when plaintiffs' attorneys were unavailable to attend and defendant served Vogt with a subpoena only two days in advance of the deposition. In response, defendant asserts that plaintiffs' attorneys could have assigned other attorneys in their respective offices to attend the deposition. Further, defendant contends that it attempted to complete service of the subpoena earlier but was prevented by Vogt's attempts to evade service. Regardless of whether Vogt attempted to evade service, defendant must schedule the deposition when plaintiffs' attorneys are available to attend. The Court will grant the request for a protective order, in part, to require Vogt's deposition to be rescheduled. Defendant is directed to complete service of the subpoena on Vogt not less than seven days in advance of the deposition.

9. Plaintiffs' Motion to Compel Continuation of Deposition of Pamela Beach and for Attorney's Fees and Costs
The parties have agreed to schedule an additional deposition for Pamela Beach and to complete her testimony at this deposition. Therefore, the plaintiffs' motion is now moot.

10. Defendant's Motion to Compel Production of Tax Records
Defendant seeks to compel production of tax records of plaintiff-intervenors Tegeler, Truelove, and Chapman for the years 1990 to the present. Plaintiffs have not filed any response in opposition to the motion and the time allowed for doing so has expired. As such, the Court will grant the defendant's motion to compel.

11. Defendant's Motion to Compel Further Deposition Testimony of Tegeler
During her deposition, plaintiff-intervenor Robyn Tegeler, on the advice of counsel, *1144 refused to answer questions regarding her alleged drug use and that of Kim Ratteree, an individual identified by plaintiffs as having information relevant to Tegeler's claims. Counsel's instruction to Tegeler was improper and, therefore, the Court will grant the defendant's motion to compel. See Fed. R.Civ.P. 30(d)(1).

12. Defendant's Motion to Compel Depositions of Plaintiff EEOC and Ratteree, Haile, Tegeler, Howe, Dolan & Vogt
As discussed above, defendant is entitled to take depositions of Ratteree, Haile, and Vogt. Further, the Court concludes that the defendant is also entitled to take depositions of plaintiff EEOC and non-party witnessess Jeff Tegeler, Howe and Dolan. Jeff Tegeler is the former husband of plaintiff-intervenor Robyn Tegeler. Although they became divorced before plaintiff-intervenor Tegeler began working for the defendant, Jeff Tegeler may possess information relating to Tegeler's prior emotional state. Dan Dolan is Tegeler's current husband and George Howe is the plaintiff-intervenor Truelove's current husband. Both Dolan and Howe may be questioned on matters relevant to the claims of emotional distress. Therefore, the Court will grant defendant's motion to compel.

13. Plaintiffs' Motion to Compel Continuation of Deposition of Robert Lees, Sr.
As discussed above, the Court will deny defendant's motion for a protective order preventing further deposition of Robert Lees, Sr. and will grant plaintiffs leave to conduct an additional deposition.

14. Plaintiffs' Motion to Compel Production of Documents Responsive to Plaintiffs' First, Fifth, and Sixth Requests for Production of Documents
Plaintiffs have withdrawn the portions of their motion to compel that relate to the production of personnel files and the production of the original disciplinary notice given to Robyn Tegeler. As to the remaining issues, the Court finds that the plaintiffs are entitled to the production of all personnel files and time records of the plaintiff-intervenors.
In response to the request for spiral notebooks maintained by Robert Lees, Sr., defendant stated that "it possesses no documents which satisfy this request." The Court concludes that the response was complete and does not require further explanation.
The plaintiffs also request production of documents relating to sexual harassment training given to defendant's employees. Defendant does not dispute plaintiffs' entitlement to such documents, but merely asserts that the requests were untimely. The Court will overrule this objection and require the defendant to produce the documents.
Defendant objects to plaintiffs' request for records of telephone calls received by Pamela Beach and Beverly Watson at their business telephones at Danka. Defendant asserts that it does not have records of calls received by employees. Rather, the records only reflect calls made from Danka offices or calls that are made using the company's 800 telephone line. The Court concludes that defendant's response to the document request was complete.
Defendant states that it has not withheld the production of any documents on the basis of privilege. Thus, the Court will not require defendant to submit a privilege log. However, if defendant asserts some privilege as an objection to production, it will be required to submit a privilege log.
For reasons, stated above,
IT IS HEREBY ORDERED that plaintiffs' motion for a protective order regarding Pamela Meyer is granted [Doc. 84].
IT IS FURTHER ORDERED that defendant shall not be permitted to inquire about Meyer's past sexual history with individuals not employed by the defendant nor shall defendant be permitted to inquire about Meyer's medical history.
IT IS FURTHER ORDERED that defendant's motion for a protective order regarding Robert Lees, Sr. is denied [Doc. 100].
*1145 IT IS FURTHER ORDERED that plaintiffs are granted leave to conduct an additional deposition of Robert Lees, Sr.
IT IS FURTHER ORDERED that plaintiffs' motion for protective order and to quash subpoenas, filed on August 7, 1997 [Doc. 104], is denied.
IT IS FURTHER ORDERED that defendant's motion to compel release of medical records regarding plaintiff-intervenors Robyn Tegeler and Janet Truelove is granted, with respect to medical records and is denied as moot with respect to academic records [Doc. 109].
IT IS FURTHER ORDERED that plaintiffs' motion for a protective order regarding medical records of plaintiff-intervenors Janet Truelove, Robyn Tegeler, and Judy Chapman and to quash subpoenas is denied.
IT IS FURTHER ORDERED that defendant's motion to compel mental examinations of plaintiff-intervenors Judy Chapman, Robyn Tegeler, and Janet Truelove is granted [Doc. 110].
IT IS FURTHER ORDERED that the notices of the medical examinations of plaintiff-intervenors shall be given in compliance with Fed.R.Civ.P. 35 and shall also include the credentials of the examiners.
IT IS FURTHER ORDERED that defendant's motion to compel production of records and to schedule deposition of Sharon Lightfoot is denied as moot [Doc. 111].
IT IS FURTHER ORDERED that plaintiffs' motion for protective order prohibiting deposition of Heidi Vogt and to quash subpoena is granted in part and denied in part. [Doc. 112].
IT IS FURTHER ORDERED that defendant shall reschedule Heidi Vogt's deposition at such time as plaintiffs' attorneys are available to attend, and defendant shall complete service of the subpoena on the witness at least seven days in advance of the deposition.
IT IS FURTHER ORDERED that plaintiffs' motion to compel continuation of deposition of Pamela Beach is denied as moot [Doc. 116].
IT IS FURTHER ORDERED that defendant's motion to compel production of tax records is granted [Doc. 118]. The requested documents shall be produced within 15 days of the date of this order.
IT IS FURTHER ORDERED that defendant's motion to compel further deposition testimony of plaintiff-intervenor Robyn Tegeler is granted [Doc. 119].
IT IS FURTHER ORDERED that defendant's motion to compel the deposition of plaintiff EEOC and the depositions of Ratteree, Haile, Tegeler, Howe, Dolan, and Vogt is granted [Doc. 120].
IT IS FURTHER ORDERED that plaintiffs' motion to compel continuation of Robert Lees, Sr.'s deposition is granted [Doc. 124].
IT IS FURTHER ORDERED that plaintiffs' motion to compel production of documents responsive to plaintiffs' first, fifth, and sixth requests for production of documents [Doc. 126] is granted with respect to the production of personnel files and time records of the plaintiff-intervenors and the production of documents pertaining to sexual harassment training. The defendant shall produce these documents within 15 days of the date of this order. The plaintiffs' motion to compel is denied in all other respects.
IT IS FURTHER ORDERED that the motions for attorney's fees and costs, filed by the plaintiffs and the defendant in connection with the motions to compel and for protective order, are denied.