**UNITED STATES**

v.

**Henry KLEIN, Steve P. Xydas, Ernest Fontana, James T. Skeens, Walter F. Riggin, George Davenport, Earl W. Tavenner, Edward McDaniels, Dale H. Sutherland, Robert Hamilton, and Eric Edmonston.**

No. 595–66.

United States District Court
District of Columbia,
Criminal Division.

Aug. 8, 1967.

Harold J. Sullivan, Asst. U. S. Atty., Washington, D. C.

Bernard Margolius, Washington, D. C., for Henry Klein.

Ira M. Lowe, Washington, D. C., for Steve P. Xydas.

Albert J. Ahern, Jr., Washington, D. C., for Ernest Fontana.

Paul Stephen Sherbacow, Washington, D. C., for James T. Skeens.

H. Clifford Allder, Washington, D. C., for Walter F. Riggin and Earl W. Tavenner.

Robert M. Price, Washington, D. C., for George Davenport and Edward McDaniels.

Peter D. Manahan, Washington, D. C., for Dale H. Sutherland.

Theodore Breault, Washington, D. C., for Robert Hamilton.

James M. Jones, Washington, D. C., for Eric Edmonston.

## MEMORANDUM OPINION

JOHN LEWIS SMITH, Jr., District Judge.

Defendants have moved for a pre-trial psychiatric examination of the witness Robert Earl Barnes. The principal case cited in support of such a course of action is State v. Butler, 27 N.J. 560, 143 A.2d 530 (1958). Other authorities cited bear on the admissibility of psychiatric testimony at trial and the propriety of pre-trial psychiatric examination of the complaining witness in sex offense cases, and as such are not in point, cf. United States v. Hiss, 88 F.Supp. 559 (S.D.N.Y.1950), Ballard v. Superior Court of San Diego County, 64 Cal.2d 159, 49 Cal.Rptr. 302, 410 P.2d 838 (1966).

█ It is well established that the grant or denial of the motion in question is within the discretion of the trial judge. In State v. Butler, supra, the court stated at page 556:

> Manifestly, a practice of granting psychiatric examination of witnesses must be engaged in with great care. Orders to permit it to be done should be executed only upon a substantial showing of need and justification. * * * Much reliance must be placed upon the judgment of the trial court in the individual case.

Defendants' argument that the question of Barnes' competency and credibility has been raised by him in Criminal No. 1133–66 is neither controlling nor compelling. Barnes filed a motion as defendant therein on his own behalf for a mental examination. That case is separate and distinct from the one at hand, and the possible reasons for filing such a motion are too numerous and speculative for the mere fact of the filing to affect this court's decision on the instant motion.

The court notes that there is on file in United States v. Barnes, Criminal No. 532–66, a letter dated March 19, 1965, from Dr. Donald Goldberg, Staff Psychiatrist of the Legal Psychiatric Services of the District of Columbia Department of Public Health, to then Chief Judge

**508**

McGuire of this court stating that a March 16, 1965 evaluation of Robert Earl Barnes gave no evidence of psychosis. The results of that evaluation will be available to defense counsel prior to trial.

Defendants have offered no other substantive grounds on which to base the granting of a motion for mental examination prior to the commencement of the trial. The mere allegation of a psychopathic personality, defective delinquency, or any lesser mental affliction having prevarication or a tendency to prevaricate as one of its characteristics is not in itself justification for granting the motion in question.

Accordingly, the motion for a psychiatric examination of the witness Robert Earl Barnes will be, and hereby is, denied.