**UNITED STATES of America**

v.

**Dennis T. BUTLER.**

**Crim. No. 1717–70.**

United States District Court,
District of Columbia.

April 15, 1971.

Donald T. Bucklin, Asst. U. S. Atty., Washington, D. C., for the United States.

H. Carl Moultrie and Lawrence H. Schwartz, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

WADDY, District Judge.

The defendant is under indictment for First Degree Murder and Robbery. He has moved for a pre-trial physical and psychiatric examination of two prospective government witnesses for the purpose of determining their competency and credibility.

Defendant alleges as grounds for the motion that these two witnesses are crucial to the Government's case and that he has reason to believe that they were and/or are addicted to or users of narcotic drugs.

■ It is well settled that the trial court has discretion to grant or deny a motion of this nature. United States v. Klein et al., 271 F.Supp. 506 (1967), aff'd sub nom., Hamilton v. United States, 139 U.S.App.D.C. 368, 433 F.2d 526 (1970); State v. Butler, 27 N.J. 560, 143 A.2d 530 (1958). However, this discretion should be exercised with great care, and should not be exercised to require such examination in the absence of a substantial factual predicate for same, United States v. Klein, *supra*, and upon a substantial showing of need and justification. State v. Butler, *supra*.

■ Nothing is alleged in the motion or in the points and authorities in support thereof, or otherwise, as a basis for the alleged belief of narcotic usage by the potential witnesses. No source of information is alleged nor is there any reference to any history of psychiatric problems or bizarre conduct as to either of the potential witnesses. The bare allegation of defendant's counsel that he has " * * * reason to believe that Mr. Hill and Miss Robertson were and/or are addicted to or a user of narcotic drugs" provides neither a substantial predicate for requiring the examination nor a substantial showing of need and justification for same.

■ In an attempt to bolster the unsupported allegations of the motion defendant's counsel has subpoenaed Mr. Hill's juvenile social case file from the Director of the District of Columbia Social Service Administration. This Court is of the opinion that in the absence of some showing of some prior source of information or basis for the claim of narcotic usage this tactic of the defendant was a totally unwarranted "fishing expedition" and invasion of the witness' privacy. Nevertheless, the Court has examined the social file, *in camera*, and has determined that there is not one shred of evidence, hearsay or otherwise, that the potential witness, Hill, ever was or is, a narcotic addict or a user of narcotics.

■ At the hearing on the motion counsel for defendant stated that the potential witness, Hill, had told him that he (Hill) was a narcotic addict and during the hearing he sought a continuance of the hearing so that he might subpoena the witness to Court. This Court is of the opinion that potential witnesses in criminal cases should not be harassed by counsel for either side. Nor should their privacy be invaded in the absence of a substantial showing of need and justification. No such showing has been made as to either of these potential witnesses. If, at trial, it appears to the Court that any witness may be incompetent, resources are available to the Court to make the necessary determination.