**Gary A. THIESSEN, Plaintiff,**

v.

**GENERAL ELECTRIC CAPITAL CORPORATION, d/b/a GE Capital, and Montgomery Ward Credit Services, Inc., f/k/a Monogram Retailer Credit Services, Inc., Defendants.**

No. 96–2410–JWL.

United States District Court, D. Kansas.

March 12, 1998.

Bert S. Braud, Dennis E. Egan, The Popham Law Firm, Kansas City, MO, John M. Klamann, Dirk L. Hubbard, Overland Park, KS, for Gary A Thiessen.

Bert S. Braud, Dennis E. Egan, The Popham Law Firm, Kansas City, MO, John M. Klamann, Overland Park, KS, for Gene Autry, Pamela S. Chudyba, Qwen Colwell, Barbara A. Croy, Jan L. Cullison, Robert Demartine, James C. Flower, Lawrence P. Fries, Terry M. Grisham, Elaine Hayden, Melva Heid, Linda L. Hess, Christopher P. Kaesberg, James Lawson, Brenda Lewis, Robert Marsonette, Ray Osburn, Kimberly Perron, Diana Polsinelli, Patricia Serra, Salli J. Shirey, Janice F. Trice.

Brian J. Finucane, Sharon D. Hess, Bioff, Singer & Finucane, Kansas City, MO, Glen D. Nager, Jones, Day, Reavis & Pogue, Washington, DC, Steven T. Catlett, Matthew

W. Lampe, Jones, Day, Reavis & Pogue, Columbus, OH, for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff Gary A. Thiessen filed suit against defendants alleging violations of Title VII and the Age Discrimination in Employment Act (ADEA) arising out of his employment with defendants. This matter is presently before the court on defendants' renewed motion to compel a mental examination of plaintiff pursuant to Fed.R.Civ.P. 35 (Doc. # 276). For the reasons set forth below, defendants' motion is granted.[1]

### Background

On March 24, 1997, defendants moved the court to compel a mental examination of plaintiff pursuant to Fed.R.Civ.P. 35. In support of their initial motion, defendants relied on a general allegation in plaintiff's complaint that he was entitled to "compensatory damages for pain and suffering, loss of enjoyment of life, humiliation, mental distress and anxiety, and inconvenience." Defendants also highlighted plaintiff's response to an interrogatory in which he set forth his intention to seek "general non-pecuniary actual damages" including damages for "humiliation" and "distress." Defendants offered no other evidence in support of their motion to compel a mental examination.

At that stage, the court concluded that all defendants had shown was that plaintiff was simply making what courts have described in shorthand as a "garden variety" emotional distress claim, one which amounted to no more than an attempt to recover for the generalized insult, hurt feelings and lingering resentment which anyone could be expected to feel if he or she were the recipient of an adverse employment action attributed to discrimination. As a result, the court found that plaintiff's mental condition was not sufficiently "in controversy" to justify an examination under Rule 35 and it denied defendants' motion to compel a mental examination of plaintiff.

The court did note, however, that it would reconsider the issue upon motion by defendants if it were to appear that plaintiff actually asserted more particularized mental or emotional consequences, such as specific injuries that he claimed were caused by defendants' alleged misconduct. While, for example, being angry or sad are emotions which one might expect an aggrieved person to feel and to seek recovery for but which would not necessarily trigger a mental examination in the absence of something more, an impairment of the ability to function in some way which the injured party associates with the trauma caused by the alleged discrimination might well satisfy the concerns underlying the rule. As set forth in more detail below, the court finds that plaintiff has now identified specific injuries which he claims were caused, at least in part, by defendants' actions. Thus, plaintiff's claim has gone beyond a mere "garden variety" claim for emotional distress and defendants' renewed motion to compel a mental examination of plaintiff is granted.

### Discussion

Defendants move the court to compel plaintiff to appear for a mental examination pursuant to Rule 35 of the Federal Rules of Civil Procedure. In support of their motion, defendants direct the court to plaintiff's deposition testimony in which he sets forth specific physical and mental injuries allegedly caused, at least in part, by defendants' actions.

Plaintiff, on the other hand, continues to maintain that his claim of emotional distress is simply a "garden variety" emotional distress claim. In support of this argument, plaintiff emphasizes that he has never been treated by a physician, psychiatrist, psychologist or any other health care provider for any emotional distress arising from defendants' misconduct. In addition, plaintiff argues that a Rule 35 examination is improper because he will not offer any expert or medical testimony at trial in support of his claim for emotional distress damages.

---

1. Because the issue presented here is a recurring one in employment cases, the court has chosen to write on the subject for the guidance of these participants and others who might seek an examination under Rule 35.

In order to obtain the court's permission to conduct a mental examination of plaintiff, defendants must demonstrate that plaintiff's mental condition is "in controversy" and that "good cause" exists to conduct the requested examination. Fed.R.Civ.P. 35(a); *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19, 85 S.Ct. 234, 242–43, 13 L.Ed.2d 152 (1964) ("Rule 35 ... requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination ... has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause'....").[2] Significantly, the "in controversy" and "good cause" requirements of Rule 35

> are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.

*Schlagenhauf*, 379 U.S. at 118, 85 S.Ct. at 242. The court believes that the rule is consciously designed to be somewhat restrictive to guard against the use of requests for mental examinations as a tool for harassment, intimidation or delay in what courts have described as the "garden variety" cases. As set forth below, the court finds defendants have now adequately demonstrated the "in controversy" and "good cause" requirements of Rule 35.

In support of their motion to compel, defendants direct the court to several excerpts of plaintiff's deposition in which he identifies specific injuries caused by defendants' alleged misconduct. These excerpts reveal that plaintiff's claim for emotional distress is not simply a "garden variety" claim. Plaintiff testified that defendants' alleged misconduct had "caused [him] some real health problems," including water in his lungs and congestive heart failure.[3] Plaintiff further testified that he hadn't "slept well" since 1993 as a result of the "company's actions." Moreover, plaintiff claims that defendants' actions "came very close to causing the separation of [him] and [his] fiancee." Plaintiff also described himself as "very, very tired" and complained of getting "worn out much, much easier." Significantly, he linked these symptoms to defendants' alleged misconduct. Finally, plaintiff testified that he experienced, and still experiences, periods of great sadness or depression as a result of defendants' actions.

In light of plaintiff's testimony, the court finds that his mental condition is "in controversy" for purposes of Rule 35 and that defendants have shown good cause for the requested examination. *See Dahdal v. Thorn Americas, Inc.*, No. 97–2119–GTV, 1998 WL 37532, at *2 (D.Kan. Jan. 28, 1998) (granting motion to compel mental examination where plaintiff's claims of emotional distress "are more extensive than what one would call a simple 'garden variety' of emotional distress"); *O'Sullivan v. State of Minnesota*, 176 F.R.D. 325, 328 (D.Minn. 1997) ("[A] plaintiff places a mental condition in controversy when 'a claim of mental or psychiatric injury' is alleged, ... mere allegations of 'mental pain and anguish' do not suffice.") (citations omitted); *Chaparro v. IBP, Inc.*, No. 93–2200–GTV, 1994 WL 714369, at *3 (D.Kan. Dec. 7, 1994) ("The mere assertion of a claim for emotional distress does not of itself open the door for a motion to compel submission to a mental examination."); *Cody v. Marriott Corp.*, 103 F.R.D. 421, 423 (D.Mass.1984) ("[I]t is clear that where ... a plaintiff refers to specific mental and psychiatric injuries, the plaintiff is affirmatively placing in controversy a mental condition. Under those circumstances, it is appropriate for a court to order an exami-

---

**2.** Rule 35 provides, in relevant part, as follows: When the mental or physical condition (including the blood group) of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner.... The order may be made only on motion for good cause shown and upon notice to the person to be examined....
Fed.R.Civ.P. 35(a).

**3.** Plaintiff does not believe defendants' conduct was the sole cause of his congestive heart failure.

nation."). *See also Sabree v. United Brotherhood of Carpenters Local No. 33,* 126 F.R.D. 422, 426 (D.Mass.1989) (denying motion to compel plaintiff's psychotherapist's records under Rule 34 where plaintiff had made a " 'garden-variety' claim of emotional distress, not a claim of psychic injury or psychiatric disorder resulting from the alleged discrimination.").

Moreover, the court is not convinced that plaintiff's decision to refrain from presenting any expert or medical testimony with respect to plaintiff's emotional distress claim somehow precludes defendants from requesting an examination pursuant to Rule 35. *See Dahdal,* 1998 WL 37532, at *2 (plaintiff may not "trump the requested (Rule 35 exam) simply by proposing not to offer at trial the testimonies and bills of her own psychiatrist and psychologist"); *Ali v. Wang Labs., Inc.,* 162 F.R.D. 165, 168 (M.D.Fla.1995) (permitting Rule 35 examination despite absence of expert or medical testimony on plaintiff's behalf). Plaintiff's specific mental condition now appears to be inextricably intertwined with the full story which is expected to unfold at trial.

Accordingly, defendants' motion to compel a mental examination of plaintiff is granted.[4]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to compel a mental examination of plaintiff is granted.

**IT IS SO ORDERED.**

---

4. Rule 35 requires that an order "shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fed.R.Civ.P. 35(a). Although defendants have named the licensed psychologist who will conduct the examination, no other details have been provided to the court. If the parties are unable to agree on the remaining conditions of the examination, the court will specify such details upon motion by the parties.