**Polina K. SMITH, Plaintiff,**

v.

**Stephen KOPLAN, Chairman, United States International Trade Commission, Defendant.**

**Civ.A. No. 01–2581 (JGP/JMF).**

United States District Court,
District of Columbia.

May 13, 2003.

Wyneva Johnson, U.S. Attorney's Office for D.C., Washington, DC, for Defendant.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

This case was referred to me by Judge Penn pursuant to LCvR 72.2(a) for the resolution of various discovery disputes. Currently pending before me is defendant's *Motion For Order Directing Plaintiff To Submit To An Independent Medical Examination.* For the reasons stated herein, defendant's motion for an independent medical examination will be granted.

## BACKGROUND

This is a Title VII discrimination case based on national origin. The plaintiff, Polina Smith, alleges that she was discriminated against while employed at the International Trade Commission ("ITC") because of her Russian–Ukranian–Jewish–Soviet background. As part of her complaint, plaintiff has alleged both physical and emotional damages. Complaint, ¶ 66. Specifically, plaintiff asserts that, as a result of defendant's actions, "her morale and feelings as an American citizen" have been damaged as well the "successful practice of her [legal] profession."

*Id.* Plaintiff also alleges that "[s]he became depressed, withdrawn, overwhelmed and isolated" due to the hostile work environment she was subjected to by defendant. *Id.* Furthermore, plaintiff diagnoses her symptoms as "a continuing high-level [of] depression as a result of [the] hostile work environment and discrimination by the ITC." *Plaintiff's Memorandum Of Points And Authorities In Opposition To Defendant's Motion For An Order Directing Plaintiff To Submit To An Independent Medical Examination* ("P.Memo."), Exhibit A at 22.

On October 4, 2002, I held a status conference on the pending discovery motions in this case. At that status conference, the parties meticulously analyzed and argued the merits of each and every interrogatory and each document request that were still in dispute. In accordance with my rulings from the bench, I subsequently issued an Order on October 15, 2002, granting in part and denying in part both *Defendant's Motion for Order Allowing Additional Time for Deposition of Plaintiff* and *Defendant's Motion for Order Compelling Compliance With Rule 26(a) Initial Disclosures and With Written Discovery Requests.* I declined to rule on defendant's motion for an independent medical examination, providing plaintiff with the chance to supplement her briefing in order to distinguish her case from that of *Chiperas v. Rubin,* 1998 WL 765126, *1 (D.D.C. Nov. 3, 1998). Plaintiff having timely filed her supplemental response, defendant's motion is now ripe for resolution.

## ANALYSIS

Federal Rule of Civil Procedure 35(a) provides that an order for a physical or mental examination may be made only on "motion for good cause shown" and "with notice to the person examined and all other parties." FED.R.CIV.P. 35(a). An order for the physical or mental examination of a party is not granted as of right. When the matter is contested, it is left to the sound discretion of the trial court. *Stinchcomb v. U.S.,* 132 F.R.D. 29, 30 (D.Pa.1990)(finding that the decision on whether to compel physical examination is committed to discretion of court, even when good cause is shown); *U.S. v.*

*Butler,* 325 F.Supp. 886, 887 (D.D.C.1971). The Supreme Court, in *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), held that the requirements that the moving party show "good cause" and that the condition to be examined be "in controversy" are limitations on the use of the rule, rather than "a mere formality." *Id.* at 118, 85 S.Ct. 234. As the Court noted, these limitations

> are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

*Id.*

Moreover, the Court indicated that in some situations the pleadings alone meet these requirements. *Id.* at 119, 85 S.Ct. 234. For example, an employee who seeks compensatory damages for emotional pain suffered as a result of employer's action has placed the existence and extent of their alleged mental injury in controversy, giving the employer good cause to seek examination. *Shepherd v. American Broadcasting Companies, Inc.,* 151 F.R.D. 194, 212–13 (D.D.C.1993), *vacated on other grounds,* 62 F.3d 1469 (D.C.Cir. 1995). *See also Gattegno v. Pricewaterhousecoopers, L.L.P.,* 204 F.R.D. 228 (D.Conn.2001)(holding that employee placed her mental state in controversy to an extent sufficient to justify a mental examination in her gender and age discrimination suit, having alleged that she had suffered mental anguish, physical and emotional distress, humiliation, and embarrassment).

█ In the instant case, plaintiff claims that she has suffered "physical, emotional and economic damages" as a direct result of defendant's discriminatory behavior. Complaint, ¶ 66. Plaintiff further alleges that she has symptoms of depression and anxiety that have left her "hopeless about the future" and that her "life [has] been a failure." P.

Memo., Exhibit A at 23. Moreover, she asserts that "these and other symptoms [have] continue[d] to persist for almost three years now." *Id.* at 24. This statement alone is evidence that plaintiff has placed an ongoing mental illness in controversy, providing defendant with good cause to request a mental examination. *See Thiessen v. General Elec. Capital Corp.,* 178 F.R.D. 568 (D.Kan.1998)(excerpts from plaintiff's deposition in which he identified specific injuries he claimed were caused by defendant's alleged misconduct established that his mental condition was in controversy and afforded good cause for a mental examination of the plaintiff); *Ali v. Wang Laboratories,* 162 F.R.D. 165 (M.D.Fla.1995)(statements in plaintiff's answers to interrogatories were sufficient to place his mental condition in controversy, and good cause shown for such an examination).

Plaintiff attempts to distinguish her case from *Chiperas v. Rubin,* 1998 WL 765126, *1 (D.D.C. Nov. 3, 1998), by arguing that she has "not presented any specific medically diagnosed condition 'in controversy'" and has alleged only general emotional damages. *Plaintiff's Supplemental Briefing In Opposition To Defendant's Motion For An Order Directing Plaintiff To Submit To An Independent Medical Examination* ("P.Supp.") at 2. In *Chiperas,* the plaintiff retained an expert witness who produced a report, diagnosing him with Major Depressive Disorder, in support of his claim that he suffered emotional distress at the hands of his employer. *Chiperas,* 1998 WL 765126, at *2. As a result of plaintiff's intention to call an expert witness in support of his claim, the court found that it was appropriate to order a mental examination. *Id.* at *2–3.

Although in this case plaintiff has not submitted an expert report, she has asserted that she is in the process of finding an expert in order to substantiate her damages. P. Supp. at 6. That intention militates strongly in favor of ordering a mental examination. *Id.* ("[O]ne is hard pressed to understand why a court would not permit an independent mental examination when the party to be examined contemplates use of an expert to substantiate her claim that she has endured

psychological harm at the hands of the other party."). What is even more telling is that plaintiff has specifically categorized, and even self-diagnosed, her own mental condition in her answers to defendant's first set of interrogatories. In those answers, plaintiff states quite authoritatively,

> At this point, I am able to identify my symptoms by using several books and articles, which accurately describe the symptoms that I have. In addition, I have taken the following self-diagnostic test, which was developed by Dr. Leonore Radloff at the Center for Epidemiological Studies at the National Institute of Mental Health. I have found this test in one of my books entitled *Learned Optimism* by Martin E.P. Seligman. In answering the questions from this test I find that I am experiencing a continuing high-level [of] depression as a result of [a] hostile work environment and discrimination by the ITC.

P. Memo., Exhibit A at 22.

Without the opportunity for an independent medical examination, it will be simply impossible for defendant to counter plaintiff's opinion of her mental state. Therefore, the requirement of Rule 35(a) that good cause be shown to order such an examination is easily met.

There is one last piece to this puzzle. In *Schlagenhauf*, the Court noted that even when the requirements of Rule 35(a) are met, an ordered medical examination can be overcome if the information could be obtained by other means. *Schlagenhauf*, 379 U.S. at 118, 85 S.Ct. 234. Here, plaintiff indirectly argues that since she has provided defendant with letters from her former treating psychologist, that "defendant can and did obtain the relevant information by other means." P. Memo. at 4. Of the two letters produced to defendant, neither contains factual information which comments on the mental health of the plaintiff. One letter, dated January 4, 1993, merely follows up on the progress of plaintiff's treatment. *Id.* at Exhibit B–2. The second, a more recent letter, affirmatively states that the psychologist does "not have any notes or documents regarding [plaintiff's] treatment [because] it has been too

many years." *Id.* at Exhibit B–1. It is obvious from these two documents that the plaintiff's former treating psychologist is unlikely to produce any substantial information regarding plaintiff's mental condition. Nor has plaintiff identified an expert witness or filed any report on her mental condition with the court. Such a lack of available information warrants ordering plaintiff to submit to a mental examination by defendant's proposed psychiatrist.

## CONCLUSION

Plaintiff will be required to submit to an independent mental health examination pursuant to Rule 35(a). Based upon her complaint and her answers to defendant's first set of interrogatories, plaintiff's mental condition has been sufficiently placed in controversy and, therefore, good cause for such an examination has been shown.

An Order accompanies this Memorandum Opinion.

## ORDER

In accordance with the accompanying Memorandum Opinion, it is, hereby,

**ORDERED** that defendant's *Motion For Order Directing Plaintiff To Submit To An Independent Medical Examination* [# 10] is **GRANTED.** It is further, hereby,

**ORDERED** that plaintiff shall be examined by Dr. Tellefsen at a mutually agreeable time and location within sixty (60) days of the issuance of this Order. Within fifteen (15) days of this Order, both parties shall jointly file with the Court the time and location of such examination. It is further, hereby,

**ORDERED** that Dr. Tellefsen's examination of the plaintiff shall not exceed six (6) hours in duration. Finally, it is, hereby,

**ORDERED** that Dr. Tellefsen's examination shall be limited to questions of plaintiff's continuing physical and mental condition.

**SO ORDERED.**