Mary C. SANTELLI, Plaintiff,

v.

**ELECTRO–MOTIVE, a division of General Motors Corporation, Defendant.**

No. 97 C 5702.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 19, 1999.

H. Candace Gorman, Catherine A. Caporusso, Law Office of H. Candace Gorman, Carol Jill Coplan, Attorney at Law, Chicago, IL, for plaintiff.

Mary C. Santelli, Chicago, IL, pro se.

Kristi Lynn Nelson, Freeman, Freeman & Salzman, Chicago, IL, Louis Theron, Dickinson Wright PLLC, Detroit, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

KENNELLY, District Judge.

This matter is before the Court on the defendant Electro–Motive's objections to Magistrate Judge Rosemond's June 16, 1999 Order denying its motion to compel the production of plaintiff's medical records. Plaintiff Mary Santelli brought suit under Title VII for damages resulting from defendant's alleged sex discrimination and retaliation. Plaintiff claims she was unlawfully discriminated against on account of her sex when she was denied certain welding positions at defendant's factory. Her complaint includes an allegation that her damages included "mental distress." Second Amended Complaint, ¶ 13. Plaintiff testified at her deposition that she was seeking compensation for emotional distress caused by the alleged discrimination and that she had seen a psychotherapist for treatment of this distress. This prompted Electro–Motive to move to compel production of plaintiff's medical records—specifically, records of psychotherapy, alcohol and drug treatment, and HIV testing—on the theory that these records are probative of whether her alleged emotional distress was caused by factors other than the sex discrimination she says she endured. Defendant argued that by making a claim of emotional distress, plaintiff had waived any privileges that might otherwise prevent production of these records.

In arguing this motion before Judge Rosemond, plaintiff's attorney represented that plaintiff would seek compensatory damages only for humiliation and embarrassment, not for emotional distress. Based on this representation, Judge Rosemond denied defendant's motion to compel, but he also precluded plaintiff from "testifying about any emotional distress that necessitated care or treatment by a physician," limiting her emotional distress damages to "humiliation, embarrassment, anger, disgust, frustration, and similar emotions." Order of June 16, 1999 at 2–3. Electro–Motive has filed objections to Judge Rosemond's Order.

■ This Court reviews Magistrate Judge Rosemond's order to determine if it is clearly erroneous or contrary to law. *See* Fed. R.Civ.P. 72(a) ("The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."); *Chicago Police Association v. City of Chicago*, 76 F.3d 856, 869 (7th Cir.1996). For the reasons stated below, we overrule defendant's objections.

### I. Records of psychotherapy

The Supreme Court has recognized a federal psychotherapist-patient privilege. *Jaffee v. Redmond*, 518 U.S. 1, 15–16, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). Confidential communications between a patient and a licensed psychotherapist (or the equivalent), during the course of diagnosis or treatment, are privileged and protected from discovery. *Id.* The interest underlying the psychotherapist-patient privilege was clearly articulated by the Court: it facilitates the "provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem." *Jaffee*, 518 U.S. at 11, 116 S.Ct. 1923. The psychotherapist-patient relationship depends on "an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears." *Id.* at 10, 116 S.Ct. 1923. "If the privilege were rejected, confidential conversations between psycho-

therapists and their patients would surely be chilled ..." *Id.* at 11, 116 S.Ct. 1923.

In *Jaffee,* the Court recognized that like other privileges, the psychotherapist-patient privilege can be waived. *Jaffee,* 518 U.S. at 15 n. 14, 116 S.Ct. 1923. The Court, however, did not define the contours of the privilege, such as when or how it can be waived. *Id.* at 18, 116 S.Ct. 1923. These issues were left to be worked out on a case-by-case basis. *Id.*

■ Although communications between a psychotherapist and patient may be relevant to a particular issue in a case or significant to the party opposing the privilege, that alone is not enough to deprive a party of this privilege. By definition, privileges exclude from a case otherwise relevant information. *See, e.g., Matter of Grand Jury Proceeding, Cherney,* 898 F.2d 565, 567 (7th Cir.1990) (explaining that the attorney-client privilege has the effect of withholding relevant information from the fact finder).

■ One way a privilege holder can waive the privilege is by affirmatively putting the privileged communications directly at issue in a lawsuit. *Garcia v. Zenith Electronics Corp.,* 58 F.3d 1171, 1175 n. 1 (7th Cir.1995) ("the attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation."). Illustrative of this principle are medical and legal malpractice cases. A person who brings such a case waives any applicable privileges: she cannot allege malpractice in her attorney's representation or psychotherapist's treatment but at the same time expect her communications with the person she has sued to remain privileged.

■ The issue here is whether a Title VII plaintiff puts privileged communications with her psychotherapist at issue, and thus waives her privilege, by seeking to recover damages for emotional distress. *See* 42 U.S.C. § 1981a (b)(3) (damages for emotional pain,

suffering, mental anguish, and loss of enjoyment of life are recoverable in cases of intentional employment discrimination). The lower federal courts are split as to when a party seeking such damages waives the privilege. One approach is that the privilege is deemed waived only when the plaintiff introduces privileged communications in evidence either directly or by calling the particular psychotherapist as a witness. *See, e.g., Vanderbilt v. Town of Chilmark,* 174 F.R.D. 225, 229 (D.Mass.1997). The problem with this narrow waiver rule is that it would enable a party who had undergone psychotherapy to offer at trial only the testimony of a retained, non-treating expert and thereby prevent discovery of what she had told her treating psychotherapist. Among other things, this would allow the party to provide the expert with a selective "history," while preventing the veracity of that history from being tested by comparing it to what the party had reported to her treating psychotherapist. We find this result unacceptable, as it would allow the privilege holder to thwart the truth seeking process by using the privilege as both a shield and a sword. *See Allen v. Cook County Sheriff's Department,* No. 97 C 3625, 1999 WL 168466, at * 2 (N.D.Ill. March 17, 1999) ("the defendants should have ample opportunity to scrutinize the basis for the opinions of Allen's therapists if she attempts to elicit therapist testimony or evidence to prove her damages caused by her alleged emotional distress."); *EEOC v. Danka Industries, Inc.,* 990 F.Supp. 1138, 1142 (E.D.Mo.1997) ("Plaintiffs cannot rely on advice given by certain psychotherapists to support their claims while at the same time expect to keep confidential advice given by other psychotherapists that may weaken their claims.").[1] Predictability is one rationale used to support the narrower use-based waiver rule. As the court reasoned in *Vanderbilt,* patients need to know with certainty at the time of the communication whether and under what circumstances confidentiality

---

1. Some decisions find waiver from the plaintiff's disclosure of his or her psychotherapist as a trial witness. *See, e.g., Kirchner v. Mitsui & Co.,* 184 F.R.D. 124, 126 (M.D.Tenn.1998) (plaintiff's doctor disclosed as fact witness); *Vann v. Lone Star Steakhouse & Saloon of Springfield, Inc.,* 967

F.Supp. 346, 348 (C.D.Ill.1997) (treating psychotherapist disclosed as an expert witness). We agree that this would be sufficient to cause a waiver of the privilege, but as discussed in the text below, we do not consider this to be the sole basis for finding a waiver.

will be maintained at a later date. *See Vanderbilt*, 174 F.R.D. at 229. We do not find this persuasive. One bright-line rule does not make the application of the privilege any more predictable than any other bright-line rule. In other words, if we were to hold that merely asserting a claim for emotional distress damages in a complaint waives the privilege, that would make for an equally predictable rule. Parties would know for certain that if they want to maintain the privilege, they cannot seek emotional distress damages.

Some lower federal courts have adopted this very rule and have found implied waiver, simply because a party makes a claim for emotional distress damages. *See, e.g., Sidor v. Reno*, No. 95 Civ. 9588, 1998 WL 164823 at *1 (S.D.N.Y. April 7, 1998); *Lanning v. Southeastern Pennsylvania Transportation Authority*, Nos. 97–593 & 97–1161, 1997 WL 597905, at *6 (E.D.Pa. Sept. 17, 1997). There is some support for this approach in this Circuit. In *Lorenz v. Valley Forge*, 815 F.2d 1095 (7th Cir.1987), which concerned the attorney-client privilege (which *Jaffee* found to be analogous to the psychotherapist-patient privilege, *see Jaffee*, 518 U.S. at 10, 116 S.Ct. 1923), the court indicated that a waiver of the privilege can occur "when a holder [of the privilege] relies on a legal claim or defense, the truthful resolution of which will require examining confidential communications." *Id.* at 1098. It would seem that under *Lorenz*, the plaintiff's insistence on a claim for emotional distress damages, depending on the scope of the claim, would be enough to cause a waiver of her psychotherapist-patient privilege. A party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues.

In this case, however, Santelli has limited the scope of her emotional distress claim. As noted earlier, she represented to Judge Rosemond that her claim was limited to compensation for humiliation, embarrassment, and other similar emotions, and Judge Rosemond accordingly precluded her from introducing evidence about emotional distress that necessitated care or treatment by a physi-

cian. Put another way, plaintiff's emotional distress claim has been limited to the negative emotions that she experienced essentially as the intrinsic result of the defendant's alleged conduct, while she has been barred from introducing evidence of any resulting symptoms or conditions that she might have suffered. *See generally Seaton v. Sky Realty Co.*, 491 F.2d 634, 637–38 (7th Cir.1974) (holding that compensatory damages may be awarded for humiliation, either inferred from circumstances or established by testimony, and that medical evidence of mental or emotional impairment is not necessary to sustain such an award).

■ We conclude that as a result of plaintiff's self-imposed limitations, and those imposed by Judge Rosemond, plaintiff's claim has been narrowed to such an extent that she has successfully avoided waiver of her psychotherapist-patient privilege. In a sense, plaintiff's communications to her psychotherapist are no longer relevant, or if relevant are only barely so. She will be precluded at trial from introducing the fact or details of her treatment; she may not offer evidence through any witness about symptoms or conditions that she suffered (*e.g.*, sleeplessness, nervousness, depression); and she will not be permitted to offer any evidence regarding a medical or psychological diagnosis. Rather, she will be permitted to testify only that she felt humiliated, embarrassed, angry or upset because of the alleged discrimination. While we believe that a party waives her psychotherapist-patient privilege by electing to inject into a case either the fact of her treatment or any symptoms or conditions that she may have experienced, Santelli is doing neither.

This may be a meager victory for Santelli. Bare testimony of humiliation or disgust may prevent her from fully recovering for her alleged emotional distress. She may be better off disclosing her psychological records, which would allow her to make a broader damage claim. The choice, however, is hers. She has made her choice, and as a result we conclude that defendant is not entitled to discover records of her treatment by psychotherapists, for those records remain privileged.

■ There are some limits to the privilege we uphold here. It does not prevent disclosure of the dates of Santelli's treatment or to the identity of her psychotherapists. *See Hucko v. City of Oak Forest*, 185 F.R.D. 526, 531 (N.D.Ill.1999). Given the limitations placed on Santelli's damage claim, this information is of marginal relevance at most. We are unable, however, to say that this information could not lead to the discovery of relevant evidence, and thus we conclude that defendant is entitled to obtain it in discovery. We leave for another day whether defendant will be permitted to offer this evidence at trial.

## II. HIV Test Results and Alcohol and Drug Treatment Records

■ The defendant also seeks discovery of plaintiff's HIV test results and drug and alcohol treatment records. Plaintiff argues that these records are privileged, but cites no case law in support of her argument. While we are skeptical of plaintiff's claims, we need not resolve them here. Plaintiff's HIV test results and drug and alcohol testing records are irrelevant and thus are not discoverable in view of the fact that her emotional distress claim has been limited to her emotional reaction to the alleged discrimination. The fact that a particular person may have had a drug or alcohol problem or a positive HIV test has no logical bearing on whether she felt humiliation or disgust as a result of unlawful discrimination. We uphold Judge Rosemond's order that defendant is not entitled to obtain these records.

### Conclusion

We overrule the defendant's objections to Magistrate Judge Rosemond's June 16, 1999 Order denying the defendant's motion to compel the production of the plaintiff's psychological and medical records. The Order is affirmed, with the one modification we have made, namely that defendant is entitled to production of information showing the dates of any treatment of plaintiff by a psychotherapist and the identity of the psychotherapist.