STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-952


THALIA RENFRO

VERSUS

BURLINGTON NORTHERN AND SANTA FE RR, ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 02-506
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.


REVERSED AND REMANDED.


John Fayne Wilkes, III
Lisa Eve Mayer
Borne & Wilkes, L.L.P.
P. O. Box 4305
Lafayette, LA 70502-4305
(337) 232-1604
Counsel for Defendant/ Appellee:
Town of Vinton

**Lawrence N. Curtis**
**Attorney at Law**
**P. O. Box 80247**
**Lafayette, LA 70598-0247**
**(337) 235-1825**
**Counsel for Plaintiff/Appellant:**
**Thalia Renfro**

**John Edmund McElligott, Jr.**
**Kyle Gideon**
**Davidson, Meaux, Sonnier & McElligott**
**P. O. Box 2908**
**Lafayette, LA 70502-2908**
**(337) 237-1660**
**Counsel for Defendants/Appellees:**
**Burlington Northern and Santa Fe Railroad**
**Union Pacific Railroad Company**

**Ted David Hernandez**
**Assistant Attorney General**
**556 Jefferson Street, 4th Floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**Counsel for Defendant/Appellee:**
**State of Louisiana through the Department of Transportation and Development**

**EZELL, JUDGE.**

This appeal involves a summary judgment in favor of the Louisiana Department of Transportation and Development (DOTD) in a suit involving an accident at a railroad crossing in Vinton in which Mallory Young was killed. The trial court also granted the DOTD's motion to withdraw exhibits pursuant to 23 U.S.C.A. § 409 filed in conjunction with a different motion for summary judgment.

## FACTS

On November 4, 2001, Ms. Young was killed while passing over the railroad crossing on Eddy Street in Vinton. Around 1997, the Eddy Street crossing was closed when improvements were made to the Horridge Street crossing. The Eddy Street crossing was subsequently reopened as a passive crossing with crossbucks and stop signs. Ms. Young's mother, Thalia Renfro, filed suit against multiple defendants, including the DOTD, alleging, among other issues, that the Defendants had negligently failed to provide adequate warnings at the crossing.

Initially, the DOTD filed a motion for summary judgment arguing that it owed no duty because the Eddy Street crossing is an off-system railroad crossing, meaning it is not part of the state highway system. Subsequently, the DOTD filed a second motion for partial summary judgment and motion in limine on the issue of preemption of liability for additional signalization at the crossing, arguing that the inadequate signalization claim had been preempted by federal law. In support of this second motion, the DOTD filed numerous documents relating to this particular crossing.

Utilizing the information contained in these documents, Ms. Renfro opposed the first motion for summary judgment on the grounds that the documents introduced with the DOTD's second motion for summary judgment indicate that the DOTD had exercised control over the Eddy Street crossing closure and reopening. A hearing on

1

the motions was held on January 18, 2006. At that time, the DOTD orally moved to withdraw its second motion for partial summary judgment and the documents filed in connection with it. The trial court took the matter under advisement.

On April 5, 2006, the trial court issued written reasons for judgment granting the DOTD's motion to withdraw the exhibits. The trial court then granted the DOTD's original motion for summary judgment. A final judgment was signed on May 9, 2006, and Ms. Renfro filed the present appeal. Although not a party to the particular summary judgment proceedings which are on appeal, the Town of Vinton filed a brief as appellee.

## 23 U.S.C.A. § 409

First and foremost at issue in this case is 23 U.S.C.A. § 409. Based on Section 409, the trial court allowed the DOTD to withdraw exhibits from the record. Ms. Renfro seeks to use the documents to establish that the DOTD assumed a duty with respect to the Eddy Street crossing. Section 409 prohibits the discovery and introduction of information compiled by the state for the purpose of obtaining federal funds to enforce safety at roadway/railroad crossings. In *Palacios v. Louisiana and Delta Railroad, Inc.* 98-2932, p. 8 (La. 7/2/99), 740 So.2d 95, 99, the Louisiana Supreme Court set forth criteria that courts should use in determining whether a document should be afforded the Section 409 protection:

(1) reports, surveys, schedules, lists or data,

(2) compiled or collected,

(3) for the purpose of identifying, evaluating, or planning the safety enhancement of . . . railway-highway crossings,

(4) pursuant to 23 U.S.C. § 130.

There has been no allegation by Ms. Renfro that the documents she seeks to use are not protected by Section 409. Ms. Renfro asserts that the DOTD waived any

2

privilege it may have had pursuant to Section 409 by deliberately disclosing the contents of the documents and placing them at issue. She claims that she is entitled to use the documents because the DOTD waived any protection afforded it by Section 409 when it introduced the documents on its own behalf. The DOTD argues that the evidentiary bar established by Section 409 is not waivable.

We observe that both the DOTD and the Town of Vinton argue that there is a limited exception to Section 409 protected materials, *i.e.*, to establish federal funding citing *Hargrove v. Missouri Pacific Railroad Co.*, 05-723 (La.App. 3 Cir. 1/18/06), 925 So.2d 25. However, a reading of the previous decision by this court in *Hargrove v. Missouri Pacific Railroad Co.*, 03-818 (La.App. 3 Cir. 12/17/03), 861 So.2d 903, *writ denied*, 04-187 (La. 3/26/04), 871 So.2d 349, explains that the materials sought to be introduced to establish federal funding were properly introduced because they were not privileged documents pursuant to Section 409. This court did not recognize any exception to Section 409. To recognize such an exception would allow the DOTD "to thwart the truth-seeking process by using the privilege as both a shield and a sword." *Madden v. Indiana Dept. of Transp.*, 832 N.E.2d 1122, 1128 (Ind.Ct.App. 2005) (*quoting Adams v. Ardeor*, 196 F.R.D. 339, 343 (E.D. Wis.2000)).

There have been cases from other jurisdictions which have discussed the waiver of the Section 409 privilege. In *Walden v. Department of Transp.*, 27 P.3d 297 (Alaska 7/13/01), Ms. Walden sought to introduce a Department of Transportation Design Study Report in an accident case. While the court found that Ms. Walden did not object to the exclusion of the report at trial, it addressed the issue of waiver of the Section 409 privilege. Ms. Walden argued that the state had waived the protection of the statute by providing it to her in discovery. The court noted that "[t]he state did provide the report in discovery, but Walden's argument nonetheless

3

fails because, at most, by that action DOT [the State Department of Transportation] waived only the protection of the statute with respect to discovery, not to its admission in court." *Id*. at 305.

In *Boyd v. National Railroad Passenger Corp.*, 821 N.E.2d 95 (Mass.App. Ct. 1/20/05), *reversed on other grounds*, 845 N.E.2d 356 (Mass. 4/14/06), the court in discussing the Section 409 privilege the court noted at footnote eleven that the language of Section 409 indicates an intent to supersede the common law of privilege waiver. Thus, the court found no merit to the plaintiff's claim that the Section 409 privilege had been waived by producing privileged documents in discovery.

Finally, *Vega v. State*, 804 N.Y.S.2d 229 (N.Y.Ct.Cl. 2005), also discussed the Section 409 privilege. The court concluded that "Section 409 establishes both a discovery privilege, which is waivable, *and* an evidentiary bar, which is not." *Id.* at 233. It is unclear from the court's reasoning why it determined that one privilege was waivable and one was not. Following the 1991 amendment to Section 409 which added the discovery language, Section 409 read, in pertinent part: "shall not be subject to discovery or admitted into evidence . . . ." The discovery language limitations are the same as the evidentiary limitations. Section 409 does not differentiate between the two. The court makes a conclusion on its own that the evidentiary prohibition prior to 1991 was not waivable, citing no authority for such proposition.

Rule 501 of the Federal Rules of Evidence provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule

4

of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

We see no compelling reason that the State cannot waive the privilege afforded it by Section 409. Section 409 merely affords the State a disclosure and evidentiary privilege regarding certain materials. The United States Supreme Court has recognized that Section 409 establishes a privilege. As stated in *Pierce County, Washington v. Guillen*, 537 U.S. 129, 130, 123 S.Ct. 720, 723 (2003), "[e]videntiary privileges, such as §409, must be construed narrowly because they impede the search for truth." In *United States v. Mezzanatto*, 513 U.S. 196, 115 S.Ct. 797 (1995), the Supreme Court recognized that statutory provisions are subject to waiver absent an affirmative indication in the statute of Congress' intent to preclude waiver. There is nothing in Section 409 that prevents the State from waiving the statutory privilege it has been granted. As noted by the court in *Powers v. CSX Transportation, Inc.*, 177 F.Supp.2d 1276, 1281 (S.D. Ala. 7/16/01): "A primary attribute of a privilege is that it may be waived by the party for whose benefit it exists, and waiver is often found when that party has voluntarily disclosed protected information."

Therefore, we find that the discovery and evidentiary privilege established by Section 409 can be waived by the party entitled to assert the privilege. In the present case, the DOTD chose to admit documents which it claims are privileged into evidence with its motion for summary judgment. Once the DOTD put the documents in evidence, it waived the privilege regarding those documents. Once it waived the privilege, the information in the documents was no longer privileged.

For these reasons we find that the trial court erred in allowing the DOTD to withdraw these exhibits. These exhibits were part of the record and were no longer privileged.

## MOTION FOR SUMMARY JUDGMENT

The trial court granted the DOTD's first motion for summary judgment alleging that it should be dismissed because it owed no duty with respect to the Eddy Street crossing since it was an off-system crossing. In making its decision, the trial court did not rely on the documents in the record. As discussed above, we find that this was in error. Relying on *Long v. State ex rel Dep't of Transp. and Dev.*, 04-485 (La. 6/29/05), 916 So.2d 87, Ms. Renfro claims that the documents in the record establish that the DOTD did much more than simply select the Eddy Street crossing for upgrade, thereby establishing that the DOTD assumed duties regarding the crossing and is therefore, not entitled to summary judgment.

We review summary judgments de novo applying the same criteria as the trial court in determining whether summary judgment is appropriate. *P.G. Diners, Inc. v. CAT Scale Co.*, 04-757 (La.App. 3 Cir. 11/10/04), 886 So.2d 1253. Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). "A genuine issue exists where reasonable persons, after considering the evidence, could disagree." *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, 04-1460, 04-1466, p. 11 (La. 4/12/05), 907 So.2d 37, 48, (*citing Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730, 751). "A fact is 'material' if it is one that would matter at trial on the merits." *Id*. Summary judgment is appropriate only when it is inevitable that reasonable minds would conclude that there does not exist any genuine issue of material fact and that the mover is entitled to judgment as a matter of law. *Natchitoches Parish Hosp. Serv. Dist. v. Rachal*, 94-995 (La.App. 3 Cir. 2/1/95), 649

6

So.2d 1152, *writ denied*, 95-528 (La. 4/7/95), 652 So.2d 1349. If there is any doubt, it should be resolved in favor of denying the motion for summary judgment and in favor of a trial on the merits. *Id.* Bearing in mind the standard governing our review of the trial court's ruling, we will consider whether there is a genuine issue of material fact in dispute and whether the DOTD is entitled to judgment as a matter of law.

In *Long*, 916 So.2d 87, the supreme court held that the mere selection of an off-system crossing for an upgrade did not impose an automatic duty on the DOTD to be responsible for the crossing. Our review of the documents in the record indicate that the DOTD was more involved with the Eddy Street crossing than merely selecting it for an upgrade. Correspondence between the parties indicates that the DOTD was involved in many decisions regarding the closure and subsequent reopening of the Eddy Street crossing.

We find that there is a question of material fact as to whether the DOTD had a duty regarding the Eddy Street crossing. Therefore, we reverse the summary judgment rendered in favor of the DOTD and remand the case for further proceedings. Costs of this appeal in the amount of $1,464.50 are assessed to the DOTD.

**REVERSED AND REMANDED.**